PEIRCE *v.* RULEY.

Suit by the treasurer of *Grant* county, upon an instrument signed by one *P.* and others, addressed to the county commissioners, in which, after reciting that a site had been procured for the erection of a county seminary, but that the amount of the seminary fund on hand was insufficient for its erection, and that they deemed it important the building should be erected immediately, they agreed to pay the treasurer the sums set opposite to their names, to increase the fund to such sum as might be necessary to build the seminary, &c., to be paid to the treasurer, when called on, as the progress of the building required. Afterwards the commissioners contracted with one *S.* to build the seminary (for the payment of which the subscription was intended to be used) and he finished it pursuant to the contract. During the progress of the work, a proper demand was made upon *P.* for the sum set opposite to his name, but he refused payment.

*Held,* that the promise of *P.* was founded upon a sufficient consideration.

*Held,* also, that a want of consideration could not, at any rate, be set up after the purpose in aid of which the subscription was made had been accomplished.

*Held,* also, that the suit should have been in the name of the county commissioners, and not of the treasurer.

APPEAL from the *Grant* Circuit Court.

*Thursday,
May 25.*

DAVISON, J.—*Ruley*, treasurer of the county of *Grant*, for the use of the *Grant* county seminary, sued *Peirce* before a justice of the peace. From the judgment of the justice there was an appeal to the Circuit Court. The suit was founded upon a certain instrument of writing which reads thus:

"*Marion, June* 8th, 1848. To the board commissioners of the county of *Grant:* Gent: Whereas the amount of the seminary funds in the county treasury are insufficient for the erection of a suitable seminary building, and a site being already procured therefor, the undersigned, citizens of *Grant* county, deeming it important that such building should be erected immediately, do hereby agree to pay the treasurer of the county of *Grant*, the several sums annexed to our respective names, for the increase of said seminary fund to such sum as may be necessary to erect a suitable county seminary in the town of *Marion;* the said sums to be paid to said treasurer when called upon, as the progress of the building requires it." This instrument was signed

by *Peirce*, with ninety other persons, and to his name was affixed 50 dollars.

Pleas, 1. The general issue. 2. Failure of consideration. 3. That said instrument was unauthorized by law, and, therefore, void, &c.

In the Circuit Court there was a verdict for the plaintiff. Motions for a new trial and in arrest were overruled, and judgment given upon the verdict.

Upon the trial it was proved that the board of commissioners, on the third of *September*, 1849, entered into a contract with one *Secrist* to erect a seminary in the town of *Marion*, for the payment of which the subscription was intended and liable to be used; that during the progress of the building, a proper demand was made upon *Peirce* for the amount annexed to his name, but he refused payment. The building was completed according to contract.

Aagainst the appellee's right to recover, two objections are raised.

1. That the instrument sued on contains a gratuitous promise merely, without any consideration to support it, and on that account can not be enforced.

2. That if valid, the treasurer of the county was not the proper person to sue.

There is nothing in the first objection. Every member of society is presumed to have an interest in promoting the cause of education in the community where he resides; and when he consents to become a subscriber with others to raise funds for that purpose, the real consideration for his promise is the promise which others have already made, or which he expects them to make, to contribute to the same object. The promise of each is a valid consideration for the promise of the others.

But in this case, the purpose in aid of which the money was promised has been accomplished. Therefore the appellant can not be permitted to resist payment, on the ground of a want of consideration. *The Congregational Society* v. *Perry*, 6 N. H. 164.—*Robertson* v. *March*, 3 Scam. 198.—*McAuley* v. *Billinger*, 20 Johns. R. 89.—*Johnston* v. *The Wabash College*, 2 Ind. R. 555.

The last objection is well taken. There is nothing in the instrument upon which this suit is predicated which tends to show that the contract to pay the amount subscribed was made with the plaintiff, or that he had any beneficial interest in the money when collected. It follows that he was not the proper person to sue. It is true the instrument stipulates that the respective amounts subscribed shall be paid to the treasurer of *Grant* county; but the contract was not made with him. It was addressed to the board of commissioners and by them accepted. The treasurer was only the medium through which the money was to pass under the direction of the real party to the contract, viz., the commissioners. This view is sustained by the following cases: *Harper* v. *Ragan*, 2 Blackf. 39; *Morrow* v. *Seaman*, 3 *id.* 338; and *Gunn* v. *Cantine*, 10 Johns. R. 387.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Brownlee*, for the appellant.

*W. March*, *A. Steele*, and *H. D. Thompson*, for the appellee.