FREEMAN and Another *v.* THE STATE, *ex rel.,* &c.

Under the 178th section of 2 R. S. p. 289, the heirs of a decedent are not liable to the payment of his debts to the extent of property re-

ceived by them from him, unless the creditor shall assert his claim within the time prescribed in said section.

APPEAL from the *Decatur* Common Pleas.

DAVISON, J.—The State, on the relation of the Board of Commissioners of *Decatur* county, sued *James M.* and *Mary J. Freeman*, the heirs of *William W. Freeman*, *John*, *Charles*, and *Westley Throp*, the heirs of *Thomas Throp*, deceased, and *James Freeman*, upon three bonds, each for the payment of 133 dollars and 33 cents, and executed on the 2d of *May*, 1841, by the said *James Freeman*, *Thomas Throp*, and *William W. Freeman*, to the State, for money loaned to them by the agent of that part of the surplus revenue fund allotted to said county. *John*, *Charles* and *Westley Throp* answered: 1. By a general denial. 2. That *Thomas Throp* died in *March*, 1853, and on the 7th of *May*, then next following, letters testamentary upon the will of said decedent were duly issued to *James Throp*, and notice thereof duly given by him, as required by law; that said executor thereupon proceeded to settle the decedent's estate, and the same was afterwards, on the 16th of *April*, 1856, finally settled in the *Decatur* Common Pleas, and the executor discharged; that the bonds in suit were never filed as claims against said estate; nor was any suit ever instituted on them, or either of them, against *Thomas Throp*, in his lifetime, or his executors, since his death, or against these defendants, or either of them. Wherefore they say that this suit is barred by the statute of limitations, &c. Process, as to *James Freeman*, was returned not found. Plaintiff demurred to the second paragraph of the answer of *John*, *Charles* and *Westley Throp;* but her demurrer was overruled, and she excepted.

*James M.* and *Mary J. Freeman* being minors, appeared by their *guardian ad litem*, and answered: 1. By a general traverse. 2. Payment. 3. That *William W. Freeman* was surety,

and not principal, in said bonds. There were replies in denial of the several special paragraphs of the answer. The issues were submitted to the Court, who found for the defendants *John, Charles* and *Westley Throp,* and judgment was accordingly given for them. But the Court, as to the defendants, *James M.* and *Mary J. Freeman,* found for the plaintiff; and, having refused a new trial, rendered a judgment against the last named defendants for the full amount of the bonds sued on, and interest. *James M.* and *Mary J. Freeman,* by their guardian, appeal to this Court.

The evidence given on the trial is set out in the record. "It proves that the interest on the bonds was duly paid until the 2d of *May,* 1856, since that date the interest thereon remains unpaid; that *William W. Freeman* died in the year 1849, intestate; that no regular administration was ever had on his estate, and that the defendants, *James M.* and *Mary J. Freeman,* as heirs-at-law of said decedent, inherited from him real estate worth 4,000 dollars; that *Thomas Throp* died in 1853; that his estate was settled, and distribution thereof made amongst his heirs, now defendants, in *April,* 1856; that the estate thus distributed, was worth 10,000 dollars, and that, in addition, the defendants, the heirs of said *Thomas,* inherited from him real estate worth at least 10,000 dollars; that *James Freeman,* in the year 1850, took into his possession and control the personal estate of said *William W. Freeman,* and thereby became administrator *de son tort* on that estate, and in that year was appointed guardian of the said defendants, *James M.* and *Mary J. Freeman,* and acted as such guardian until the year 1857; that in said year, 1850, *James Freeman,* then being such administrator *de son tort,* made a report to the *Decatur* Common Pleas, showing that all the debts of the deceased, *William W. Freeman,* had been fully paid, and also showing the amount of personal property belonging to the estate of said deceased, which had come into his hands. It

is admitted that the present guardian of the defendants, *James M.* and *Mary J.*, has collected, upon notes and accounts placed in his hands by *James Freeman*, 226 dollars."

The errors are thus assigned: 1. The finding of the Court is unsustained by the evidence. 2. It was error to adjudge the heirs of *William W. Freeman* liable for the entire amount of the bonds, and all interest due thereon. 3. The plaintiff having neglected to pursue the law in relation to such bonds, is not entitled to recover.

None of these errors seem to be available. The evidence is upon the record, and, in our judgment, fully sustains the finding of the Court. It is, however, insisted, that the demurrer to the second paragraph of the answer of the *Throps* should have been sustained. We think otherwise. See 2 R. S. p. 289, sec. 178; also *Yoast* v. *Willis*, 9 Ind. 549. But suppose the ruling upon the demurrer to have been incorrect, the appellants can not avail themselves of the error, because it was the plaintiff below, and not they, that demurred; nor does it appear that they excepted, in any form, to the action of the Court in overruling the demurrer. As the case stands in the record, the appellants were the only parties before the Court liable upon the bonds in suit; and hence, a separate judgment against them, for the several amounts therein specified, can not be held objectionable. 2 R. S. p. 121, sec. 368.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*Samuel Bryan*, for the appellants.

*Gavin & Herd*, for the appellees.