*S. P. Oyler* and *D. W. Howe*, for appellant.

*D. D. Banta* and *C. Byfield*, for appellee.

---

## HARTMAN *v.* LEE and Others.

HEIRS.—*Covenant of Ancestor.*—A tenant by curtesy sold, and by warranty deed conveyed, the land in which he had such estate.

*Held*, that after his death the heirs at law, to whom such real estate descended in fee from the wife, were entitled to the possession thereof, though they were children and heirs at law of the husband and had received from him, by descent, an estate of much greater value than the land so conveyed.

SAME.—*Decedents' Estates.*—After the death of the grantor in a deed of conveyance of real estate, a claim for damages upon the breach of a covenant of warranty therein must be filed against his estate as provided in section 62, 2 G. & H. 501; and if not so filed is liable to become barred.

SAME.—*Liability of.*—The only statutory provisions making the heirs and devisees liable in such cases after settlement of the decedent's estate, seem to be those commencing with section 178, 2 G. & H. 534.

APPEAL from the Montgomery Circuit Court.

ELLIOTT, J.—Petition for partition by the appellees against Hartman, the appellant.

The petitioners are the heirs at law of Dorcas Lee, deceased; four of them being her children and the remaining one a grand child, who represents his deceased mother.

They claim one undivided seventh of the land described in the petition, containing in all about one hundred and forty-three acres situate in Montgomery county, by descent from Dorcas Lee, who died prior to 1852, and who was one of the children and heirs at law of Henry and Nancy Nich-

olson, deceased, and allege that Hartman, the appellant, is the owner in fee of the other six-sevenths of said land.

Hartman filed an answer claiming to be the owner in fee of the whole of the land described in the petition, and the following state of facts: Henry Nicholson died, seized in fee of the land, leaving seven children as his heirs at law, to whom it descended. Dorcas, under whom the plaintiffs claim, was one of said children, and was married to Joel Lee, who was the father of four of the petitioners and the grandfather of the other. Joel Lee and the defendant Hartman purchased of the other heirs of Henry Nicholson, deceased, the other six-sevenths of the land, and took the conveyances therefor in their joint names; but it is averred in the answer, that, regarding Joel Lee as the owner of the other seventh through his wife, Hartman paid the whole of the consideration for one of the sevenths so conveyed to them jointly, so as to make himself and said Joel equal in the whole tract; and that as such they held and enjoyed the same until the 5th day of May, 1866, at which time said Joel Lee sold and conveyed to Hartman, by a warranty deed, one undivided half of the whole tract. Joel Lee died in July, 1867, and it is averred in the answer that each of the petitioners inherited from him, as his heirs at law, real and personal property of the value of ten thousand dollars. Wherefore, it is claimed that the petitioners "are rebutted and estopped from claiming, or asserting any title or interest in said land," &c.

The court sustained a demurrer to the answer, because the facts alleged did not constitute a defense to the petition. Partition was subsequently made according to the prayer of the petition.

The ruling of the court, in sustaining the demurrer to the answer, presents the only question in the case. It is contended by the appellant that, as the petitioners received an estate from their father, Joel Lee, by descent, of a much greater value than the interest claimed by them in the land, they are bound by the covenant of warranty in his deed to

the appellant, and are therefore rebutted and estopped from claiming title to the land in opposition to said deed. The argument in support of the position is based on the ancient doctrine of the common law, of lineal and collateral warranties, of which rebutter was an incident. 2 Wash. on Real Prop. 718, 719 (2d ed.).

We need not determine the question whether the doctrine of lineal and collateral warranties, with its incident of rebutter, is applicable to the facts presented by the appellant's answer, as that doctrine is expressly abolished by statute in this State. Section 10 of "an act concerning real property and the alienation thereof" (1 G. & H. 259) is as follows: "Lineal and collateral warranties, with all their incidents, are abolished; but the heirs and devisees of every person who shall have made any covenant or agreement shall be answerable upon such covenant or agreement to the extent of property descended or devised to them, and in the manner prescribed by law."

As the whole of a decedent's property both real and personal, as against his heirs, is subject, by the laws of this State, to the payment of his debts and liabilities, the claim for damages, upon the breach of such a covenant, should be prosecuted against his personal representative, or filed against his estate, as provided in section 62 of the act in relation of the settlement of decedents' estates (2 G. & H. 501), and if not so filed is liable to become barred. The only statutory provisions making the heirs and devisees liable in such cases, after the settlement of the estate of the decedent, seem to be those in the last cited act commencing with section 178.

Under the facts presented by the record before us, Dorcas Lee was seized in fee of the one undivided seventh of the land claimed by the petitioners, which at her death descended to them as her heirs at law, subject to the life estate of Joel Lee her husband, by curtesy, and at his death the petitioners were entitled to possession.

The answer presented no defense to the petition, and the demurrer was therefore properly sustained.

The judgment is affirmed, with costs.

S. C. & L. B. Willson, for appellant.

J. McCabe, and J. M. Butler, for appellees.