36   375
127    43
127   304

### THE NORTH-WESTERN CONFERENCE OF UNIVERSALISTS *v.* MYERS and Others.

SUBSCRIPTION.—*Consideration.*—*Corporation.*—*Trustee.*—In a suit upon a sub-scription of money to the North-western Conference of Universalists, for the purpose of establishing a school in Indiana to be under the control and pat-ronage of the Universalist church of said State, alleging that the same was due and expenses had been incurred on the faith of its payment;

*Held,* that sufficient consideration was shown to support the promise, and that the location of the school was not a condition precedent to the payment of the subscription.

*Held,* also, that the North-western Conference of Universalists could sue without alleging generally that they were a corporation or showing facts making them a corporation.

*Held,* also, that this body could sue as the trustee of an express trust.

ADMINISTRATION.—*Suit against Widow and Heirs.*—The action was brought against the widow and heirs of the subscriber, and the complaint alleged that the decedent had left five thousand dollars in real estate and personal prop-erty, and that there had been no administration.

*Held,* that the action could not be sustained against the widow and heirs.

APPEAL from the Wayne Common Pleas.

BUSKIRK, J.—This suit was against the widow and heirs of Gideon Myers, deceased, on a written agreement or sub-scription to pay the plaintiff, for school purposes, the sum of one hundred dollars. The agreement was in these words: " We, whose names are subscribed, agree to pay the sum set opposite our names, to the North-western Conference of Uni-versalists, for the purpose of establishing a school in Indiana, to be under the patronage and control of the Universalist church in said State. All subscriptions of twenty-five dol-

lars and upwards, payable one-half on or before the 1st day of January, 1869, and one-half six months thereafter. All sums of less than twenty-five dollars payable January 1st, 1869. Cal. H. Tripp, one hundred dollars; Gideon Myers (made August, 1868), one hundred dollars."

The complaint, in substance, is this: that Gideon Myers died intestate; that he left a widow, said Catharine, and the children therein named, and none others; that he left five thousand dollars worth of personal and real estate; that no administration had been granted on his, the said Gideon's, estate; that prior to his death the said Gideon had in writing, the one heretofore set out, agreed and promised to pay the plaintiff one hundred dollars, for the purpose of establishing a school in Indiana, to be under the patronage and control of the Universalist church in said State. The complaint further states that such school had been established; and as a further consideration, it is alleged that upon the faith and promise aforesaid of the said Gideon and others, the plaintiff had been at great expense, and had paid out large sums of money in procuring other subscriptions for the purposes of said school, in collecting money for the same, in procuring a location for the erection of a school building in said State, for the purpose aforesaid; that the said sum of one hundred dollars is due and unpaid; and a judgment for one hundred and twenty-five dollars is demanded.

The defendant demurred to the complaint. The demurrer assigned two causes; first, the facts stated did not constitute a cause of action; second, that there was a defect of parties plaintiffs. This demurrer was sustained by the court below, and the plaintiff at the time excepted in the record. The plaintiff refused to amend, and judgment was rendered for the defendants. Herein lies the error complained of by the appellant.

The first objection urged to the sufficiency of the complaint is, that there is no consideration to sustain the promise. There is nothing in this objection. *Johnston* v. *The Wabash*

*College*, 2 Ind. 555; *Peirce* v. *Ruley*, 5 Ind. 69; *Jewett* v. *Salisbury*, 16 Ind. 370, and authorities there cited.

The next objection urged is, that the complaint does not allege and show where the school had been located in the State of Indiana. The agreement did not provide that it should be located at any particular point, nor does the location of the school constitute a condition precedent to the payment of the money. The objection is not well taken.

It is next earnestly contended that the complaint is defective, because it is not averred and alleged that the plaintiff is a corporation, and therefore entitled to sue.

In a suit by a corporation, it is not necessary that the existence of the corporation shall be averred, either generally or by specially alleging facts necessary to show its organization pursuant to law. Nor need the fact be proved unless especially put in issue by plea, the general denial not being sufficient to raise the question. *Jones* v. *The Cincinnati Type Foundry Company*, 14 Ind. 89; *Cicero Hygiene Draining Company* v. *Craighead*, 28 Ind. 274, and the numerous authorities there cited.

It is also insisted that there is a defect of parties plaintiffs. The position assumed is, that the Universalist church of Indiana was the beneficiary, and that the suit should have been brought in its name. The contract was made with the North-western Conference of Universalists. The express agreement was to pay the money to such body. The school was to be under the patronage and control of the Universalist church of Indiana, but there was no agreement to pay the money to such church. It is well settled by numerous decisions of this court, and they are in accord with the whole current of authorities, that a person who contracts with a corporation is estopped from denying the existence of such corporation.

But conceding that the Universalist church of Indiana was the beneficiary, yet, as the agreement was to pay the money to the North-western Conference of Universalists, that body was made the trustee of an express trust, and as such entitled

to maintain this action.   Section four of the code (2 G. & H. 37) reads:   "An executor, administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue, without joining with him the person for whose benefit the action is prosecuted.   A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another."

This question was considered with great care, not only on the original hearing, but also on the petition for a rehearing, in the case of *Heavenridge* v. *Mondy*, 34 Ind. 28, and should now be regarded as settled.

But there is another objection to the complaint that seems to be fatal to the right of the plaintiff to recover in this action.

The action is brought against the widow and heirs of Gideon Myers, deceased, upon a promise made by him in his lifetime.   It is alleged in the complaint that no administration has been granted on said estate; and that he left five thousand dollars in personal and real estate.   There is no allegation as to the number or amount of the debts against the said estate, nor does the plaintiff profess to sue for itself and other creditors, and seek an administration of the assets in chancery.   Nor is it alleged that the widow and heirs of the said decedent received the real and personal estate of which it is alleged that he died seized, nor in what proportion it was so received.

The policy of our laws seems to require that letters of administration shall be taken upon the estate of every person dying testate or intestate, and that the estate shall be settled according to the statute regulating the settlement of decedents' estates, where the estate exceeds in value five hundred dollars.   The necessity for this is obvious.   The widow is entitled to a certain portion of the real and personal property against the heirs and creditors, while the heirs are not entitled to any portion of the estate until the debts are paid.

By section 151 of the law providing for the settlement of

decedents' estates, 2 G. & H. 527, it is made the duty of every executor or administrator to institute all suits for any demand of whatever nature due to the decedent in his lifetime. Besides, the widow, heirs, legatees, devisees or distributees would make themselves liable as executors *de son tort*, if they should intermeddle with the estate. Section 15, 2 G. & H. 488. And where a testator devises and bequeaths certain specific property, the legatees cannot take possession of the property without the consent of the executor. *Leach* v. *Prebster*, 35 Ind. 415.

It is expressly provided by sections 137 and 138, 2 G. & H. 524, that the surplus after the payment of debts and legacies shall be distributed to the legal heirs.

Section 178, 2 G. &. H. 534, reads as follows:

"The heirs, devisees, and distributees of a decedent, shall be liable to the extent of the property received by them from such decedent's estate, to any creditor whose claim remains unpaid, who, six months prior to such final settlement was insane, an infant, or out of the State; but such suit must be brought within one year after the disability is removed."

By this section the heirs, devisees, and distributees are only liable to the extent of property received by each, and this liability does not exist unless there has been a final settlement of the estate, and the creditor had been insane, an infant or out of the State for six months prior to such final settlement.

It is not necessary for us to decide, in this case, whether the heirs, devisees, or distributees are liable to a creditor to the extent of the property received, where there has been no administration upon the decedent's estate, but if the right exists, the action cannot be maintained by a single creditor, but such creditor must sue for himself and all other creditors, so that there may be an administration in chancery of the assets, and a proper application of the money to the payment of all the debts, if there is a sufficiency of assets, and if not a *pro rata* distribution. *Barton* v. *Bryant*, 2 Ind. 189.

Where a decedent dies, testate or intestate, leaving real es-

tate worth less than ten thousand dollars, one-third thereof descends to his widow, in fee, free from all demands of creditors. Section 17 of law of descent, 1 G. & H. 294. The widow is also entitled to five hundred dollars of the personal estate as against creditors. See acts of 1871, p. 46.

It is alleged in the complaint that the real and personal estate of the decedent was only worth five thousand dollars. In such a case the widow would not be liable to creditors, for the property so received by her. It is quite obvious to us that the complaint showed no cause of action against the widow of Gideon Myers. We are also of the opinion that the heirs of the said decedent are not liable in this action. If there is a liability against the estate of the said decedent, upon his promise and agreement, it must be enforced in a proceeding very different from the one now under consideration.

The judgment is affirmed, with costs.

*W. A. Peelle* and *H. C. Fox*, for appellant.

*W. S. Ballenger*, for appellees.