*C. E. Walker*, for appellant.

*J. R. Cravens*, for appellees.

---

## WILSON ET AL. *v.* DAVIS ET AL.

DECEDENTS' ESTATES.—*Creditor.*—A creditor of a decedent's estate must proceed to enforce his claim against the estate through an executor or administrator, and cannot sue the heirs, devisees, and legatees, where there has been no administration.

SAME.—*Executor de Son Tort.—Liability.*—If any one has, without an administration, though he be a legatee under a will, taken possession of any of the property of a decedent, he may be sued as an executor *de son tort*, by an unpaid creditor.

APPEAL from the Harrison Common Pleas.

DOWNEY, J.—Appellants sued the appellees. Demurrers

filed by part of the defendants to the complaint were sus-
tained.   The plaintiffs declining to amend the complaint,
judgment was rendered for the defendants.   The only ques-
tion presented here is the question as to the correctness of
this ruling.   In the first paragraph of the complaint it is al-
leged that on the 8th day of May, 1856, James Davis died in-
testate, seized in fee simple of certain real estate, which is de-
scribed in the complaint, and the equitable owner, by title
bond, of certain other real estate, the legal title to which was
afterward conveyed to the heirs of said deceased by a com-
missioner's deed; that the said deceased left a widow, Abigail
Davis, and the plaintiffs, Mary J. Wilson, Sarah Askren, Eliza-
beth Potts, Catharine Davis, and Margaret Bates, and the de-
fendants, Thomas E. Davis, James N. Davis, and Hester Davis,
his heirs.   John, another son of said deceased, died, and his
share of the land descended to his mother and brothers and
sisters.   It is further alleged that no letters of administration
of the estate of said James Davis, deceased, were ever issued
to any one, but that said Abigail, the widow, on the 25th day
of May, 1856, took possession of the whole of said real estate,
and had the possession and use of it, and received the rents,
issues, and profits thereof, from that time until the 25th day of
May, 1868; that the yearly value thereof was one hundred and
fifty dollars, making in all sixteen hundred and fifty dollars,
for which she never accounted; that on the 17th day of No-
vember, 1868, she died, leaving a will, by which she devised
all her real estate, and bequeathed all of her personal estate to
the defendant Thomas E. Davis, subject to the payment of
five hundred dollars to said Hester Davis, and the delivery to
her of certain articles of personal property; that no letters
testamentary or of administration were ever granted to any
one of her estate; that she died seized of certain real estate
described in the complaint, of which said defendant, Thomas
E. Davis, took possession, on the 25th day of November,
1868, and has ever since occupied, used, and enjoyed the
same; that she also died the owner and in possession of per-
sonal property of the value of fifteen hundred dollars, a list

of which is filed with the complaint; that said defendant, Thomas E. Davis, without administration, also took possession of said personal property, and has converted the same to his own use; that said Thomas E. Davis refuses, though often requested, to pay to said plaintiffs the amount due them.

In the second paragraph it is alleged that said James Davis, deceased, left two thousand dollars' worth of personal property, which was converted by said Abigail to her own use, and that she never accounted therefor; that she made her will and died as alleged in the first paragraph; that she was the owner of real estate, which is described, of the value of twenty-five hundred dollars, and personal· property of the value of fifteen hundred dollars; that defendant Thomas E. Davis, without administration, took possession of said real and personal estate under said will; that he has ever since been in the possession of said real estate, and has converted said personal estate to his own use.

The third paragraph alleges that said Abigail died indebted to the plaintiffs in the sum of two thousand four hundred and thirty-seven dollars, for money had and received, goods sold and delivered, and rents of real estate belonging to said plaintiffs; that she made a will, disposing of her property as stated in the first paragraph; that no letters of administration or testamentary were granted; that she died the owner of certain real estate, of the value of two thousand five hundred dollars, and personal property of the value of fifteen hundred dollars; that Thomas E. Davis took possession of the real estate and has since held and enjoyed the same, and took possession of the personal estate, and converted the same to his own use; wherefore, etc.

Thomas E. Davis demurred to the first and second paragraphs, for the reason that they do not state facts sufficient to constitute a cause of action. He also demurred to each of the paragraphs because the plaintiffs had not capacity to sue. James N. Davis demurred to each paragraph of the complaint, for the reason that neither of them stated facts

sufficient to constitute a cause of action. Hester Davis, the other defendant, did not demur at all.

Two questions arise out of this action of the court; first, conceding that the plaintiffs had a valid claim against the deceased, Abigail Davis, can they enforce it against her estate in the hands of the defendants, Thomas E. Davis and Hester Davis, the devisee and legatees, under her will, except through an executor of her will, or an administrator with the will annexed? and, second, is Thomas E. Davis liable, upon the facts stated, as an executor *de son tort*, on account of his intermeddling with her estate?

Upon the first point there should no longer be any doubt. The object of our statute with reference to the settlement of decedents' estates is to reduce the estate to money, in the hands of a responsible executor or administrator, to pay preferred claims first, where the assets will not pay all in full, and then pay the residue *pro rata;* or, when the assets are sufficient, to pay all in full. The heirs, devisees, and distributees of a decedent are liable to the extent of the property received by them from the decedent's estate, to any creditor whose claim remains unpaid, who, six months prior to the final settlement was insane, an infant, or out of the State; but such suit must be brought within one year after the disability is removed. 2 G. & H. 534, sec. 178.

This statute seems to contemplate cases where there has been an executor or administrator of the estate, for in no other case could there have been a "final settlement." The statute secures to the creditor the right to take out letters, if no preferred party shall do so within a limited time; and there is, therefore, no necessity for proceeding in the manner resorted to in this case, nor do we think it can be done. But when, prior to our present statute, this remedy was allowed in chancery, a single creditor, or a few of the creditors of the deceased debtor, could not, by a suit in chancery, have the property of the estate sold for the payment of his or their own demands, without an inquiry as to the rights of other creditors. *Barton* v. *Bryant,* 2 Ind. 189;

*McNaughtin* v. *Lamb*, 2 Ind. 642; *Butler* v. *Jaffray*, 12 Ind. 504; and *The N. W. Conference of Universalists* v. *Myers*, 36 Ind. 375.

On the other point, our opinion is that the facts alleged are sufficient to show a liability on the part of Thomas E. Davis, as executor *de son tort*, to the plaintiffs. Every person who unlawfully intermeddles with any of the property of a decedent is chargeable as an executor of his own wrong, and is liable to an action by any creditor, etc., to the extent of the damage occasioned thereby, and must account for the full value of such property, with ten per centum thereon, etc. See 2 G. & H. 488, sec. 15; *Leach* v. *Prebster*, 35 Ind. 415, and cases therein cited.

If a creditor, when suing an executor *de son tort*, should, under our statute, sue not only for himself, but also for the other creditors, if any, with a view to a division of the proceeds of the action among all the creditors, according to the amount of their claims, that question is not so presented in this case as to require or justify its decision.

The judgment, as to Thomas E. Davis, is reversed, with costs; and as to the other appellees it is affirmed; and the cause is remanded.

*T. C. Slaughter*, *G. V. Howk*, and *C. D. Howk*, for appellants.

*S. K. Wolfe*, for appellees.