THE CINCINNATI, RICHMOND, AND FORT WAYNE RAILROAD COMPANY *v.* HEASTON ET AL.

DECEDENTS' ESTATES.—*Claims.*—*Heirs.*—A person who, not being excused by any statutory disability, fails to file his claim against a decedent's estate before final settlement, although such claim at the date of such settlement be not due, is barred of any right of action against the heirs of such estate, although they have inherited property from the decedent.

From the Randolph Circuit Court.

*T. M. Browne* and *J. P. Siddall*, for appellant.
*E. L. Watson* and *L. J. Monks*, for appellees.

PETTIT, J.—This suit was brought by the appellant against the appellees, on the 31st day of January, 1871, and this is the complaint in full.

"The Cincinnati, Richmond, and Fort Wayne Railroad Company complains of Nathaniel P. Heaston, Lewis L. Heaston, Edward Wright, and Mary Ann Wright, his wife,

and say, that David Heaston, late of said county, died intestate, on December 18th, 1865, seized in fee of the following described real estate, situated in said county of Randolph, and State of Indiana, to wit:" (Here is a full description of the land given in the complaint.) "That said real estate descended to the children of said David, to wit, the defendants, Nathaniel P. Heaston, Lewis L. Heaston, and Mary Ann Wright, formerly Mary Ann Heaston, and since married to defendant Edward Wright, and said defendants still own and hold said real estate and are in possession thereof by descent from their said father; that said real estate is of the value of seventy-five dollars per acre; that on January 8th, 1866, said Nathaniel P. Heaston was duly appointed and qualified as administrator of the estate of said David Heaston, by the court of common pleas of said county of Randolph, and that on July 17th, 1869, he made his final settlement as such administrator and was duly discharged from his said trust by said court; that three thousand four hundred and eighty-five dollars and seventy cents of personal estate came into his hands as such administrator, and he filed vouchers for one thousand eight hundred and sixty-nine dollars and twenty-six cents, and paid the balance, one thousand six hundred and sixteen dollars and forty-four cents, to said defendants, as the only heirs of deceased, that amount being the surplus after payment of the widow's portion and of all indebtedness of the estate; that on the 16th day of March, 1864, said David Heaston executed to the plaintiff, by the name and description of the Cincinnati and Fort Wayne Railroad Company, his note, of which the following is a copy:

"'$1500.00.                            March 16th, 1864.

"'Whenever the Cincinnati and Fort Wayne Railroad Company cause the cars to run on the Cincinnati and Fort Wayne Railroad to Winchester, I promise to pay to the order of said Cincinnati and Fort Wayne Railroad Company the sum of fifteen hundred dollars, without relief from valuation or appraisement laws, provided said road is put in

running order to Winchester on or before the 1st day of September, A. D. 1872, certificate of stock to be given on payment.

[U. S. stamp.]                                   DAVID HEASTON.'

" The plaintiff states that the said company caused the cars to run on said railroad to Winchester, for the first time, on August 10th, 1870, and that cars have run on the same ever since, and that said road is put in running order to Winchester; that at a meeting of the board of directors of said Cincinnati and Fort Wayne Railroad Company, held at their office on Thursday, July 5th, 1866, the following resolution was passed:

" ' *Resolved*, That the name of the Cincinnati and Fort Wayne Railroad Company be changed to that of the Cincinnati, Richmond, and Fort Wayne Railroad Company.'

" Which resolution was duly entered upon the records of said company, and said company caused a copy thereof to be recorded in the office of the recorder of the several counties through which the railway runs, and also gave notice thereof by publication in a newspaper of general circulation in this State; that defendants, though often requested to pay said note, refuse to pay the same, and it remains due and wholly unpaid. The plaintiff asks an order and decree of this court, that in default of payment of said one thousand and five hundred dollars and the interest thereon, said real estate, or so much as may be necessary to pay the same, may be sold, as lands are sold on execution at law and without appraisement, and the proceeds thereof be applied in payment of said note; and the plaintiff demands judgment for two thousand dollars, and for other proper relief."

There was a demurrer for want of sufficient facts sustained to this complaint, exception taken, and this ruling is the only assignment of error. Does the plaintiff, by this complaint, show a right to recover? We think not.

This suit was not brought under sec. 178, page 534, 2 G. & H.; because it does not show that the plaintiff was insane, an infant, or a non-resident of the State; and, therefore, this

suit cannot be sustained against the defendants, as heirs of David Heaston, under this section. This suit could not be maintained against the administrator, even if he had not made final settlement, because the claim had not been filed in the common pleas court. *Hyatt* v. *Mavity*, 34 Ind. 415, and cases there cited; *Wilson* v. *Davis*, 37 Ind. 141. This claim was not due at the time final settlement of the estate was made by the administrator, but the statute makes ample provisions for such a case. 2 G. & H. 501, sec. 62. Had the appellant filed this note, the estate could not have been settled till August 10th, 1870; the time when the cars ran to Winchester, unless some one interested had given bond, as required by sec. 63, page 502, 2 G. & H. As long as any claim unsettled or not allowed remained against the estate, the settlement must and would have been postponed or continued until a final settlement could be made. 2 G. & H. 517, 518, secs. 112, 116. The statutes have made ample provision for the filing and collecting of claims, due or not due, against decedents' estates, and the plaintiff not having availed herself of these provisions, and not having brought herself within the provisions of sec. 178, p. 534, 2 G. & H., must be barred of any right of action against the appellees, as heirs of the maker of the note or agreement.

The judgment is affirmed, at the costs of the appellant.