## BLAIR v. ALLEN.

55  409
q165 693

COVENANT.—*Collateral Warranty.*—*Breach after Settlement of Deceased Covenantor's Estate.*—*Suit against Heir.*—*Statute of Limitations.*—*Statutes Construed.*—*Measure of Damages.*—*Eviction.*—*Notice.*—*Husband and Wife.*—*Covenant of Married Woman.*—*Pleading.*—A testator dying the owner of a tract of land devised it to his widow, during her life, with remainder in fee to A. and B., in common ; such widow marrying C., she and C., by a deed containing a covenant of title, specially binding themselves and their heirs, in stipulated damages, for a breach thereof, jointly conveyed such land to another, who then conveyed it to A.; C., first, and then such widow, dying, D., their child, inherited and received an estate from his father, C.; afterwards, and after the estate of the latter had been finally settled according to law, B., in an action for that purpose against A., obtained a decree settling in himself the title to and the right of possession of the undivided half of such land, thus causing a breach of such covenant of title made by C. and his wife, and for which breach A. brought an action against D. as the heir of C.

*Held,* on demurrer, that the right of action for such breach not having accrued until after the final settlement of C.'s estate, it is not barred, either by such final settlement, nor by the provisions of sections 62 and 178 of the act of June 17th, 1852, (2 R. S. 1876, p. 491) "providing for the settlement of decedents' estates," etc.

*Held,* also, that D. is liable for such breach, in damages not exceeding the amount of estate received by him of C.

*Held,* also, that such covenant is not personal but runs with the land, and a breach thereof is sufficiently shown by an averment of an eviction of A., by B., under a paramount title.

*Held,* also, that an averment that A. had been in possession of such land is unnecessary.

*Held,* also, that it is unnecessary to aver that D. had had notice of such action by B., against A.

*Held,* also, that the fact that a married woman is not bound by her covenant, in which her husband joins, in conveying her land, does not release him.

From the Clinton Circuit Court.

*L. McClurg* and *J. V. Kent,* for appellant.

*J. Claybaugh* and *J. C. Campbell,* for appellee.

BIDDLE, J.—This action was brought, in the court below, by Alexander W. Blair, against Samuel H. Allen, to recover damages for breach of a covenant of warranty in a deed. The second amended complaint alleges, that, " In the year 1823, William B. Blair, the father of appellant, died testate,

in Nicholas county, Kentucky, leaving surviving him his widow, Nancy, (afterwards Nancy Allen) also appellant and one Joseph E. Blair, his children and only heirs, and sole legatees. That said William devised to said Nancy a life-estate in certain real estate therein described, with remainder over in fee-simple to appellant and Joseph E. Blair, as tenants in common. That afterwards said Nancy intermarried with one James Allen, and had, as issue of said marriage, appellee. That afterwards, on the 5th day of February, 1833, Nancy Allen and her husband, James Allen, sold said real estate to one Robert Shannon, for seven hundred and twenty-five dollars, and executed to him their deed of general warranty for the same. That on the 28th day of June, 1841, the land was conveyed by Shannon to Robert Berry, and that on the 14th day of January, 1850, Robert Berry sold and conveyed the land to William T. Berry, and that afterwards, on the 29th day of March, 1854, William T. Berry sold and conveyed the same tract to appellant. That said James and Nancy, by their said deed of conveyance, covenanted by and with said Shannon, his heirs and assigns, that in case the title to said real estate should fail and the same be lost by reason of any superior title, and by due course of law, then and in that case they bind themselves, their heirs, etc., to pay said Shannon, his heirs and assigns, the sum of seven hundred and twenty-five dollars. That afterwards James Allen died, leaving Nancy, his widow, and appellee, his only child and sole heir. That afterwards, in the year 1872, Nancy Allen (formerly Nancy Blair,) died in Clinton county, Indiana. That after the death of said Nancy, to wit, at the September term of the Nicholas Circuit Court, for Nicholas county, Kentucky, for the year 1873, said Joseph E. Blair brought his action at law against appellant, alleging in his complaint that he was the owner and entitled to the possession of the undivided one-half of said real estate as legatee of said William B. Blair.

" That said court then gave judgment that said Nancy

Blair *v.* Allen.

Allen (formerly Blair) took only a life-estate in said premises, and that, upon her death, passed by operation of law to said Joseph E. Blair and Alexander W. Blair, as tenants in common. That the conveyance by James and Nancy Allen to said Shannon, as also all the subsequent conveyances, passed but an estate for the life of said Nancy.

"That under the judgment of said court said Joseph E. Blair obtained one-half of said lands, and that the title to said real estate has failed and been lost by a paramount title and by due course of law, and that the covenant of warranty in the deed of James and Nancy Allen has been broken."

The complaint also alleges, "That after the death of said James and Nancy Allen, the defendant" (appellee) "as sole heir of said James and Nancy, took, received and appropriated to his own use, of moneys, effects and property of said James, to the amount of ten thousand dollars, and holds the same subject to the payment of said James' debts. That the estate of said James has been fully administered," etc.

"That appellant was not disturbed in his possession of said real estate and said covenant of warranty was not broken until September, 1873, after the final settlement of the estate of said James."

The defendant demurred to the complaint for want of sufficient facts. And the demurrer was sustained by the court, to which the appellant excepted.

Judgment was rendered on demurrer, and appellant appeals to this court.

The appellee thinks that the covenants in the deed, made an exhibit in the complaint, are merely personal covenants and do not run with the land. We are of a different opinion. See *Coleman* v. *Lyman*, 42 Ind. 289, and cases there cited; also, *Spencer's* case, 5 Co. 16; *Kingdon* v. *Nottle*, 4 M. & S. 53; *Willard* v. *Tillman*, 2 Hill, (N. Y.) 274; *Brady* v. *Spurck*, 27 Ill. 478; *Brown* v. *Metz*, 33 Ill. 339; *Harding* v. *Larkin*, 41 Ill. 413.

*Boyd* v. *Longworth,* 11 Ohio, 235, cited by appellee, does not support his views.

The appellee also insists that the complaint fails to show a paramount, outstanding title, against the covenantors. We are of a different opinion. The allegation as to that is sufficient.

That the averment of the breach of the covenant is not sufficiently alleged in the complaint, is another point made by appellee. The breach is as broad as the covenant:—this is sufficient. *Van Nest* v. *Kellum,* 15 Ind. 264.

The appellee further objects to the complaint, because it does not aver that he had notice of the suit of eviction in Kentucky. It is not necessary he should have had such notice. *Rhode* v. *Green,* 26 Ind. 83. The record of that suit is matter of evidence, not of pleading. What it is worth as evidence is a question not before us, and therefore not decided.

Again: It is urged against the complaint that it contains no averment that the appellant ever had possession of the land. Such an averment is not necessary. See the authorities, *supra.*

The final objection made to the complaint by the appellee is, that the covenants of Nancy Allen—she being a married woman—are void. True; but this will not relieve her husband, James Allen, nor his representatives, against his covenants; besides, the representatives of Nancy Allen are not sued.

There is another question, however, the decision of which is necessary to the proper understanding of the case. By the statute concerning the alienation of real estate, 1 R. S. 1876, p. 361, sec. 10, it is enacted that "Lineal and collateral warranties, with all their incidents, are abolished; but the heirs and devisees of every person who shall have made any covenant or agreement, shall be answerable upon such covenant or agreement to the extent of property descended or devised to them, and in the manner prescribed by law."

One of the modes prescribed by law is found in section 62, 2 R. S. 1876, p. 512, which requires a succinct statement of every claim to be filed in the office of the clerk, within one year from the date of the appointment of an executor or administrator, or no cost shall be recovered; and if "not filed at least thirty days before final settlement of the estate, it shall be barred, except as hereinafter provided in case of the liabilities of heirs and devisees."

And in case of the liabilities of heirs and devisees, it is subsequently provided, by section 178, 2 R. S. 1876, p. 554, that "The heirs, devisees and distributees of a decedent, shall be liable to the extent of the property received by them from such decedent's estate, to any creditor whose claim remains unpaid, who, six months prior to such final settlement, was insane, an infant, or out of the State; but such suit must be brought within one year after the disability is removed."

The complaint in this case contains no averment that the claim was ever filed under section 62, nor that the creditor was insane, an infant, or out of the State. A construction has been given to these sections by numerous decisions of this court. *Yoast* v. *Willis*, 9 Ind. 548; *Freeman* v. *The State, ex rel., etc.*, 18 Ind. 484; *Hartman* v. *Lee*, 30 Ind. 281; *Ratcliff* v. *Leunig*, 30 Ind. 289; *The Northwestern Conference of Universalists* v. *Myers*, 36 Ind. 375; *Wilson* v. *Davis*, 37 Ind. 141; *The Cincinnati, etc., R. R. Co.* v. *Heaston*, 43 Ind. 172; *Ginn* v. *Collins*, 43 Ind. 271; *Rinard* v. *West*, 48 Ind. 159.

In the case of *Freeman* v. *The State, ex rel., etc., supra*, it was decided that the heirs of a decedent are not liable to the payment of his debts to the extent of property received by them from him, unless the creditor shall assert his claim within the time, and in the manner, prescribed by section 178, *supra*.

In *The Cincinnati, Richmond and Fort Wayne R. R. Co.* v. *Heaston, supra*, David Heaston, made his promissory note to the railroad company, for fifteen hundred dollars,

dated March 16th, 1864, payable upon the condition that "said road is put in running order to Winchester on or before the 1st day of September, A. D. 1872," etc. David Heaston died in 1865. His estate was finally settled in 1869. The railroad company did not file the note as a claim against his estate under section 62, *supra*, but, after the estate had been settled, sued the heirs of Heaston on the note. It was held that the railroad company was barred by section 178, *supra*. In this case, it will be observed that it was in the power of the payee to make the note payable at any time after it was made, by putting the road in running order to Winchester; and there was a time expressed in the note beyond which it never could become due, unless the road had been so put in running order.

In the case we are considering, the obligation could not arise until after the death of Nancy Allen,—an uncertain event, over which the vendees had no control,—nor until after the title warranted had been lost by reason of a superior title, and by due course of law, which were also events over which the vendees had no control, and which did not take place until after the estate of James Allen had been finally settled. It is very certain, then, that the appellee could not have complied with section 62, *supra*, by filing his claim in the clerk's office, nor brought himself within section 178, *supra*, by commencing his suit within one year after certain disabilities were removed. His claim did not accrue in time to file it under said section 62, and he labored under none of the disabilities mentioned in said section 178. The question, therefore, is forced upon us, whether, after lineal and collateral warranties have been abolished by section 10, *supra*, and no obligation especially prescribed by law to take their place, the appellee has any remedy at all. Upon full and careful consideration, we have come to the conclusion that the legislature could not have meant to leave a meritorious class of rights without remedies for their breach. The opposite conclusion, in cases

like the present, would very much impair the faith and weaken the force in warranties of land titles, and become a frightful source of uneasiness to otherwise peaceable possession. We must conclude, therefore, that when, from the nature of the claim, the creditor can not comply with said sections 62 or 178, the heir, devisee or distributee shall be liable, on the covenant or agreement of the decedent, to the extent of the property received by him from the decedent's estate. The law does not require that to be done which can not be done; and no one shall lose his remedy for not doing what can not be done.

The judgment is reversed, with costs, and the cause remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings.