McComas v. Long et al.

---

No. 9800.

McComas v. Long et al.

Trust and Trustee.—So long as moneys held in trust can be distinctly identified, the trust may be enforced against any one into whose hands it comes; aliter where this can not be done.

Decedents' Estates.—Liability of Distributees.—Where an administrator embezzles the assets of an intestate, and dies, having so mingled such assets with his own that they pass to his administrator and can not be identified, those entitled to distribution of the first estate, having made no claim until after settlement and distribution of the last estate, can not maintain a suit against those to whom the last estate has passed by distribution.

From the Montgomery Circuit Court.

*B. Swank, D. A. Roach* and *N. P. H. Proctor*, for appellant.
*T. H. Ristine, H. H. Ristine* and *B. T. Ristine*, for appellees.

MORRIS, C.—The appellant, who was the plaintiff below, alleges in her complaint that, on the 26th day of September, 1856, Alexander Croy died intestate, at the county of Montgomery, State of Indiana, leaving surviving him, as his only heirs, his widow, Julia A. Croy, and the following named children, to wit: Alexander Croy, Isaac Croy, Julia Loftland, Frederick Croy, John Croy, Elizabeth Croy, David Croy, Jeannetta Croy, Henry Croy, Sampson Croy, Richard Croy, Ellen Wood, and this plaintiff; that, on the 11th day of October, 1856, David Long was appointed administrator of the estate of the said Alexander Croy, deceased; that afterwards said David Long, as such administrator, received from said estate assets belonging to it to the amount of $12,994.44; that, on the 5th day of January, 1859, said administrator, after full payment of all the debts and liabilities of said estate, and the expense of administering the same, had remaining in his hands for distribution among the heirs of said Alexander Croy, deceased, of the money derived from the personal assets of said estate, the sum of $11,193.60; that said David Long, administrator aforesaid, did not at any time pay to this plaintiff her distributive share of said estate, but kept and retained the same until the time of his death, when the same passed into the hands of his executor, and was by his executor passed into the hands of the defendants as heirs of the said David Long; that she has received no part of her distributive share of said estate; that it now amounts to the sum of $2,000, which is due and unaccounted for.

It is further averred, that, on the — day of October, 1872, the said David Long died testate, in said county and State, leaving as his only heirs at law, his widow, Mary Long, and the following named children, to wit: Henry Long, David L. Long, Mary G. Trout, wife of her co-defendant Hannibal Trout, Sarah R. Carney, Elizabeth Kenworthy, Nancy Hig-

·gins, and Phœbe Lee; that the said estate of the said David Long has been finally settled by the executor thereof, and said ·executor discharged by this court on the — day of September, 1878; that the said defendants, as the heirs of the said David Long, received from his said estate, through the executor ·thereof, all the property that was in the possession of the said David Long at the time of his death, amounting to the sum of $2,000 to each of said defendants; that they received all the property of the said David Long whether held by him as ·executor or otherwise, including the plaintiff's said distributive share of the estate of the said Alexander Croy, deceased,. and that they have not at any time accounted to the plaintiff for the same. Wherefore the plaintiff prays that an account be taken by the court, that she have judgment for what may be found due her on said accounting, and for other proper relief.

The appellees demurred to the complaint; the court sustained the demurrer, and, the appellant declining to plead further, final judgment was rendered for the appellees.

The error assigned is the sustaining of the demurrer to the ·complaint.

The appellant insists that the fund held by David Long was ·a trust fund, and that the trust adhered to the fund until it passed into the hands of the appellees; that they took the fund from the executor as trustees for the appellant, and as such trustees, rather than as the heirs of David Long, they are liable to account to her for the fund so received by them from the executor of their father's estate; that the appellant was not required to file and account for her distributive share of her father's estate in the hands of David Long at the time of his death as the administrator of her said deceased father, but that she may charge any one who has come into the possession ·of the fund without having given value for it, and require him to account for it as trustee.

The appellees assume that the facts stated in the complaint show at the most but a claim in favor of the appellant against ·the estate of their testator, David Long; that, as the claim

was not filed against said estate of David Long within one year, the complaint is bad, and the demurrer to it rightly sustained.

For aught that appears in the complaint, David Long had mingled the funds sued for with the mass of his own estate. There is nothing to show that it did not come into the hands of Hannibal Trout, the executor of David Long, as an apparent part of the assets of David Long's estate, without any means of identifying it as a trust fund. Nor does the complaint attempt to trace or identify the assumed trust fund as separate and distinct from the mass of money and property belonging to David Long at the time of his death, nor as forming a distinct part of the assets which came into the hands of his executor to be administered. We are inclined to the opinion that the facts stated in the complaint only show a claim in favor of the appellant against the estate of David Long, and that they do not authorize her to charge the defendants below as trustees of the fund.

"The right to follow trust moneys will continue so long as the identity of the funds can be established. The identity does not consist in specie, that is, in the particular pieces of coin, but in the fund itself. But the right of pursuit will fail, where the means of ascertaining fails; as, when the trust property is converted into money and has passed away; or has passed into a mass of property of the same description, and can not be separated." Tiffany & Bullard Trusts and Trustees, p. 33. Perry Trusts, section 128.

It was held in Thompson's Appeal, 22 Pa. St. 16, that where the executor mixes a trust fund with his own money or property, so that the particular money can not be identified, the beneficiary has no preference over other creditors, and must prove his claim.

It is not alleged in the complaint that any claim was filed by the appellant against the estate of David Long, as required by section 62 of the act for the settlement of decedents' estates, 2 R. S. 1876, p. 512; nor is it alleged that six months

prior to the final settlement of the estate of David Long, the appellant was insane, an infant, or out of the State. It follows that the demurrer to the complaint was properly sustained, and that the judgment below should be affirmed. *Voris* v. *State, ex rel.*, 47 Ind. 345 ; *Freeman* v. *State, ex rel.*, 18 Ind. 484 ; *Hartman* v. *Lee*, 30 Ind. 281.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.