No. 9730.

## PETTY v. TRUSTEES OF THE CHURCH OF CHRIST, ETC.

CONTRACT.— *Church Subscription.— Consideration.— Object.— Performance.— Pleading.—Time of Payment.—Surplusage.*—A subscription read: "We, the undersigned, agree to pay the sum set opposite our respective names to the trustees of," etc., "for the purchase of a lot and the erection of a house of worship for the use of said' church, size of said house to be 40 by 60; said sums to be paid as follows: one-half on June 1st, 1875, and one-half on January 1st, 1876." Complaint against a subscriber who was one of the trustees, to recover for his subscription.

*Held,* on demurrer, that the consideration for each subscription is the other subscriptions.

*Held,* also, that the complaint need not aver the completion of the house, such averment being surplusage.

SAME.—*Answer.*—An answer in such action, alleging that the house built was of different dimensions from that stated in the subscription, is insufficient.

SAME.—*Delivery Part of Execution.— Denial.— Confession and Avoidance.*— The delivery of a subscription is as much a part of its execution as is the signing thereof, and a denial of its delivery is a denial of its execution, and such answer can not embody matter properly pleadable in confession and avoidance only.

PRACTICE.—*Amending Pleading Waives Ruling on Demurrer.*—Error in sustaining a demurrer to a pleading is waived by amending the pleading.

SAME.—*Answer to Whole Complaint Bad as to One Paragraph.*—An answer to the whole of a complaint containing several paragraphs must, to withstand a demurrer, be sufficient as to each paragraph.

From the Delaware Circuit Court.

*G. H. Koons,* for appellant.

*R. S. Gregory, R. C. Summers, W. March, C. W. Kilgore* and *F. Ellis,* for appellee.

ELLIOTT, J.—It is alleged in the first paragraph of the appellee's complaint that appellant undertook to solicit subscriptions for the purpose of aiding in erecting a church edifice; that he agreed to head the list with a subscription of $200, and that he did sign the following agreement: "We, the undersigned, agree to pay the sum set opposite our respective names to the trustees of the Church of Christ, in the city of

Muncie, Indiana, for the purchase of a lot and the erection of a house of worship for the use of said church, size of said house to be forty by sixty; said sums to be paid as follows: One-half on the 1st .day of June, 1875, and one-half on the 1st day of January, 1876." It is also alleged that by reason of the agreement of Petty other persons were induced to sign the agreement set forth, and other similar agreements to pay money for a lot and for the erection of a building thereon, and that " plaintiff did proceed to raise funds for the purchase of a suitable lot, and did purchase the same in the city of Muncie, and did raise money for the erection of a suitable house of worship, and did notify defendant, from time to time, of all the meetings for the settlement of all questions of importance, and did erect a house for worship on said lot, and said house is now being used regularly by said church." It is further averred that the sum subscribed was demanded and payment refused.

The agreement on which the complaint is founded fixes the time of payment of the appellant's subscription, and the right to demand payment did not depend upon the completion or non-completion of the house of worship. The subscription was payable at the dates specified, and the complaint would undoubtedly have been sufficient if it had not made a single statement concerning the completion of the building. The question, then, is whether the statement concerning the erection of the building makes the pleading bad.

The contract in cases such as this is a peculiar one. The consideration of the contract is not a promise on the part of the religious corporation to build a place of worship, for no such promise is averred, but the consideration is the mutual promises of the respective subscribers, each with the other. In speaking of a subscription similar to the present, the court said, in *Peirce* v. *Ruley*, 5 Ind. 69, that " the real consideration for his promise is the promise which others have already made, or which he expects them to make, to contribute to the same object." Subsequent cases fully adopt and enforce this

principle. *Jewett* v. *Salisbury*, 16 Ind. 370; *Northwestern Conference, etc.,* v. *Myers*, 36 Ind. 375; *Higert* v. *Trustees, etc.,* 53 Ind. 326.

It follows that the complaint stated the true consideration, and showed that it was yielded when it averred that others had been induced to promise money on the faith of the appellant's undertaking, and thus a cause of action was stated. The building of the church edifice was not a condition precedent to a recovery, and it was not necessary to aver it. This is decided in *Northwestern Conference, etc.,* v. *Myers, supra,* and seems free from doubt on principle.

. The case of *Irwin* v. *Lee*, 34 Ind. 319, is plainly distinguishable from the present, for there the consideration on the part of one of the parties for the promise of the other was an agreement to do a direct and specific thing. Here, the person for whose benefit the subscription was made does not enter into any agreement at all. This is also true of the case of *Gillum* v. *Dennis*, 4 Ind. 417. If the church trustees had bound themselves by any agreement, we should have a very different case, but, as we have seen, there is no agreement of any kind on their part.

The time fixed for performance was a definite one, and payment did not depend upon the completion of the building. The rule, even where the promise to perform is directly from one party to the other, is thus stated in an elementary treatise: " Where the time fixed for payment is to happen or may happen before the time fixed for performance, an action may be brought for the money (or other consideration) before the performance." 1 Whart. Con., section 582.

It is an elementary rule of pleading that surplusage does not vitiate a complaint or declaration, and the allegation in the present complaint on the subject of the building is mere surplusage, for a cause of action is stated without it. If the allegation had gone so far as to show a complete defence, we should have been confronted by an altogether different ques-

tion, but the complaint shows no defence. It merely states that a building was erected and used.

The second paragraph of the complaint contains an averment that the building was erected, and shows also the contract and its consideration, the demand for the money and its non-payment, and avers that the appellant was one of the trustees of the church. We regard it as good.

The third and fourth paragraphs of the answer of appellant were amended after a demurrer had been sustained, and there was, therefore, a waiver of the exceptions taken to the ruling on the original paragraphs.

The ruling on the demurrer to the first paragraph of the answer is not discussed in the brief, and we, therefore, treat the specification of error founded on that ruling as waived.

The only remaining question which requires attention is that arising on the ruling on the demurrer to the fifth paragraph of the answer. This paragraph is addressed to the entire complaint, and unless it can be regarded as an answer to both paragraphs of that pleading, it must be deemed insufficient.

This paragraph of the answer, in its main tenor and drift, is a denial that there was any delivery of the instrument sued on, and if it is to be regarded simply as an answer denying the delivery of the contract, there was no error in sustaining the demurrer, because there were other paragraphs under which evidence showing that there was no delivery was admissible. It is abundantly settled that delivery is part of the execution of an instrument, and that a plea denying that the instrument was executed admits evidence that there was no delivery. Our cases are all to the effect that the delivery of an instrument is as much a part of the execution as the signing.

The answer, however, asserts that the building erected was not forty by sixty feet in size, as provided in the contract, but that its dimensions were only thirty-six by fifty-four feet; but

it does not aver that the change was made without the knowledge of the appellant. As he was one of the trustees, the fair inference is that he consented to the change, and if he did he can not now complain. Nothing is better settled than that a condition of a contract may be waived, and if this be the rule where the defendant has a voice only on one side, much the stronger the reason for the rule where he has a voice on both sides. The affirmative part of the fifth paragraph failed to answer the second paragraph of the complaint, and was, for this reason, if for no other, clearly bad.

We are of opinion, however, that the affirmative part of the paragraph of the answer is not entitled to consideration. It was said, in *Kimble* v. *Christie*, 55 Ind. 140, that the character of a pleading "must be determined from the general scope of its averments," and many cases have reiterated this doctrine. *Johnston* v. *Griest*, 85 Ind. 503; *Trippe* v. *Huncheon*, 82 Ind. 307; *Richardson* v. *Snider*, 72 Ind. 425; S. C., 37 Am. R. 168; *Neidefer* v. *Chastain*, 71 Ind. 363; S. C., 36 Am. R. 198; *Johnston, etc., Co.* v. *Bartley*, 81 Ind. 406; *Judy* v. *Gilbert*, 77 Ind. 96 (40 Am. R. 289); *Platter* v. *City of Seymour*, 86 Ind. 323; *Mescall* v. *Tully*, 91 Ind. 96.

In *Cronk* v. *Cole*, 10 Ind. 485, it was held that a contract can not be confessed and denied in the same paragraph. The fifth paragraph must be regarded as an answer in denial.

It is not true that a demurrer confesses all of the allegations of the pleading to which it is addressed. Gould says: "Allegations which are impertinent, or immaterial, are not confessed, by a demurrer." Gould Pl. (4th ed.) 439. *Peyton* v. *Kruger*, 77 Ind. 486; *Platter* v. *City of Seymour, supra*. The allegations as to the size of the building are not pertinent to the main scope of the answer, and can not be regarded as confessed by the demurrer. Judgment affirmed.

Filed March 6, 1884; petition for a rehearing overruled May 8, 1884.