## RINARD v. WEST.

DECEDENTS' ESTATES.—*Right of Creditor After Final Settlement.—Liability of Devisee and Heir to Creditor to Extent of Property Received.—Pleading.*—Under the statute (2 G. & H. 517, sec. 112), which provides, that "the heirs, devisees, and distributees of a decedent shall be liable to the extent of the property received by them from such decedent's estate, to any creditor whose claim remains unpaid,who, six months prior to such final settlement, was insane, an infant, or out of the State; but such suit must be brought within one year after the disability is removed;"

*Held,* that an allegation that the administrator had fully administered the estate, etc., was not the equivalent of an allegation that a final settlement of the estate had been made.

*Held,* also, that the date of the final settlement should have been stated in the complaint, and that it should have been alleged that during the six months prior to such final settlement the plaintiff was insane, an infant, or out of the State, as the case might be.

*Held,* also, where two-thirds of the real estate of a decedent descended from him to his children, and the widow took one-third (which was not liable to decedent's debts), and the children died (intestate and without issue), leaving surviving them their mother, the widow, who married the second time and died leaving a child of said second marriage surviving her, to whom from her descended said two-thirds of the real estate, that said child was liable to the creditor of the decedent who was within the statute, to the extent of said two-thirds of said real estate.

From the Delaware Common Pleas.

*J. T. Elliott, J. Brown. J. M. Brown,* and *R. L. Polk,* for appellant.

*T. J. Sample* and *W. March,* for appellee.

DOWNEY, J.—Action by the appellee against the appellant, with whom was united as a defendant Adam S. Rinard, her guardian.

The cause of action was an alleged indebtedness of Rachel Rinard, deceased, the mother of said Emma J. Rinard. The action is predicated on sec. 178, p. 534, 2 G. & H. There were three paragraphs of the amended complaint. Demurrers were filed and sustained to the first and third, and overruled as to the second. The defendants answered by a general denial and five affirmative paragraphs. Reply in denial of the special paragraphs. Trial by the court. Finding for the plain-

tiff.   Motion by the defendants for a new trial overruled, and final judgment for the plaintiff for the amount of the finding.

Two errors are assigned by the appellant:

1. Overruling the demurrer to the second paragraph of the complaint; and,

2. Overruling the motion of the defendants for a new trial.

Cross errors are assigned by the appellee:

1. Sustaining the demurrer to the first paragraph of the complaint; and, .

2. Sustaining the demurrer to the third paragraph of the complaint.

The section of the statute to which we have referred is as follows:   "The heirs, devisees and distributees of a decedent,. shall be liable to the extent of the property received by them from such decedent's estate, to any creditor whose claim remains unpaid, who, six months prior to such final settlement, was insane, an infant, or out of the State; but such suit must be brought within one year after the disability is removed."

It is not alleged, in the second paragraph of the complaint, that there has been any final settlement of the estate of the deceased.   It is alleged that one Ogle became administrator, "and fully administered her estate more than six months before the plaintiff returned to the State of Indiana."   This is not the equivalent of an allegation that a final settlement of the estate had been made.   The final settlement is an act done in and sanctioned by the court.   2 G. & H. 517, sec. 112, *et seq.*   It is made after the estate has been fully administered. The date of the final settlement should be stated, and then it should be alleged, that during the six months prior to such final settlement the plaintiff "was insane, an infant, or out of the State," according as he may rely on one or another of the disabilities as saving his right to sue.

It is alleged that the plaintiff returned to the State on the 3d day of June, 1869, and the first date relating to the pendency of the action is the filing of the papers, etc., on change of venue from Henry county, in the office of the clerk of the common pleas of Delaware county, on the 16th day of Septem-

ber, 1870. We cannot tell when the action was commenced. Counsel for the appellant contend that the date of the filing of the amended complaint must be regarded as the time of the commencement of the suit. We do not think so.

For the defect in the second paragraph of the complaint, on which the judgment was rendered, it will have to be reversed, and hence we will not examine the case on the other error assigned by the appellant.

Another question is presented by the cross error, relating to the sustaining of the demurrer to the first paragraph of the complaint, and which makes it necessary to consider section 179 in connection with the one before cited. That section reads as follows:

"Such suit shall be instituted in any court of competent jurisdiction, against all who are liable who can be reached with process, and their representatives, by petition, and the costs in such suit shall be apportioned among the defendants, in proportion to the amount recovered of each of them."

The question is, whether or not heirs or their representatives, to whom property of the decedent has descended mediately, are liable to the extent of the property received by them, as well as those to whom it descended immediately.

The first paragraph of the complaint alleges an indebtedness on the part of Jesse Mendenhall, alleges his decease and the final settlement of his estate; that property descended from him to his widow and children; that the widow again married, and that the said Emma J. Rinard is a child of that marriage; that the children of Mendenhall died, and that the mother of Emma J. then died, the estate in this manner descending to and vesting in Emma J. Is she liable to the debts of Mendenhall to the extent of the property received by her, which the personal representative might have converted into assets? She did not inherit the property immediately from him, but she inherited it mediately through others. We see no reason why she should not be liable to the extent of the property received by her. It is the receipt of the property

from the deceased debtor which renders the heir liable, and if that by another descent cast come to the hands of one not an immediate heir, or not of the blood of the deceased, it should not change the rule. The object of the statute is to enable the creditor to fasten the liability upon the party who, by descent, has received the property out of which he is entitled to be paid. *Wood* v. *Leland,* 1 Met. 387.

In the case under consideration, the widow of the deceased debtor was the owner, in her own right, of one-third of the real estate, by descent, from her husband, the deceased debtor. This was not liable to his debts in her hands, nor in the hands of those to whom it might be transmitted at her death. 1 G. & H. 294, sec. 17. The other two-thirds would have been liable in the hands of the heirs to be made assets, and this whether it remained in the hands of the heirs to whom it immediately descended, or was in the hands of descendants in another degree. Hence, as the two-thirds of the real estate which descended to the children of the deceased debtor passed at their decease to their mother, and at her decease to the appellant, who was her child by her second marriage, the appellant is liable to the debts of the deceased to the extent of the property thus received by her, mediately from the deceased debtor. The liability of heirs may grow out of the receipt by them of personal as well as of real estate. The statute uses the word "property." See, also, *Hall* v. *Martin,* 46 N. H. 337.

The first paragraph must, however, be held bad, on the ground on which we hold the second insufficient.

It does not appear that the action was commenced within the time expressly limited in the statute.

We do not deem it necessary, in the condition of the record and in view of what we have already decided, to consider the question as to the third paragraph of the complaint.

The judgment is reversed, with costs, and the cause remanded for further proceedings.