LANG ET AL. *v.* THE STATE, EX REL. LANG, ADMINISTRATRIX.

DECEDENTS' ESTATES.—*Administrator's Settlement. on Resignation, not a "Final Settlement," but can not be attacked Collaterally.*—A final settlement, by the administrator of the estate of a decedent, made by him upon resigning his trust while the estate remains unsettled, is not a final settlement within the meaning of section 116 of the decedents' estates act ; but that settlement binds all interested in such estate, as to all matters embraced in the report, until it is set aside in some direct proceeding for that purpose, and can not be attacked collaterally.

From the Howard Circuit Court.

*M. Bell, C. E. Hendry* and *M. McDowell,* for appellant.

NIBLACK, J.—In this case, the action was by the State, on the relation of Susan Lang, administratrix of James Lang, deceased, against Isaac Lang, Henry B. Cole and Thomas M. Kilpatrick, administrator of John O'Dowd, deceased, upon an administrator's bond.

The complaint alleged the appointment of the said Isaac Lang, as the administrator of the estate of the said James Lang, on the 14th day of September, 1872, and the execution by him of a bond as such administrator, with the said Henry B. Cole and John O'Dowd, then in life, as his sureties; also the resignation of the said Isaac Lang, on the 3d day of March, 1873, and the subsequent appointment of the relatrix as his successor.

The breaches assigned were :

1. That the said Isaac Lang had failed to have inventoried and appraised, or to otherwise account for, certain articles of personal property, of the aggregate value of four hundred and seventy-two dollars ;

2. That, in his partial settlement of the estate at the time of his resignation, the said Isaac Lang had charged himself with a less sum than he was really chargeable with, and obtained credit for a larger amount than he was legally entitled to ;

3. That the said Isaac Lang had converted to his own use certain enumerated assets of the estate, amounting in value to the sum of over seven hundred dollars.

The defendants answered in two paragraphs:

1. That, on the 7th day of December, 1872, the defendant Isaac Lang made out his final report of all his doings in and about the settlement of the estate of the said James Lang, deceased, showing that there remained in his hands, as administrator of such estate, the sum of six hundred and seventy-eight dollars and thirty-six cents, and filed said report with the clerk of the common pleas court of Howard county, tendering at the same time his resignation as such administrator; that in January, 1873, the said Isaac Lang turned over to the relatrix, as his successor, the amount of the assets of said estate so shown to be in his hands; that on the 3d day of March, 1873, after approving and confirming his said report, the said court of common pleas accepted the resignation of the said Isaac Lang, and discharged him from all further duties concerning his said trust, which said order approving and confirming said report and accepting such resignation had never been set aside or appealed from.

2. In general denial.

A demurrer was sustained to the first paragraph of the answer, and the cause submitted to the court for trial. There was found to be due the relatrix the sum of two hundred and eighteen dollars and eighty-eight cents, and judgment was rendered against the defendants for that amount.

The only question brought to our attention here is the alleged error of the court below, in sustaining the demurrer to the second paragraph of the answer.

It was held by this court, in the case of *Parsons* v. *Milford, ante,* p. 489, that a settlement made by an executor or administrator, at the time of his resignation, which does not close the business of the estate in

his hands, is not a final settlement of the estate within the meaning of section 116 of the act concerning the settlement of decedents' estates. Therefore, the facts alleged in the first paragraph of answer in this case did not make out a case of final settlement, in bar of the action.

But it was further held in the case of *Parsons* v. *Milford, supra*, that a partial settlement of an estate, made in due course of administration, is binding upon all interested in the estate, as to all matters embraced in such settlement, until set aside by some direct proceeding, and can not be attacked collaterally by a suit upon the bond of the executor or administrator.

This construction as to the law of partial settlements can not, however, be made to sustain the paragraph of answer under consideration, as it is not averred that the articles of property, enumerated in the first and third breaches assigned in the complaint, were embraced within, or in any manner accounted for by, the partial settlement set up in the paragraph.

We need not enquire how far the paragraph may have been applicable as an answer to the second breach assigned upon the bond in suit, as it is a well settled rule, that an answer which purports to answer the whole complaint, but which only answers a part of it, is bad upon demurrer.

We think the demurrer to the first paragraph of the answer was correctly sustained.

The judgment is affirmed, at the costs of the appellants.