Stevens *et al. v.* Tucker *et al.*

---

No. 7917.

STEVENS ET AL. *v.* TUCKER ET AL.

73    73
137   505

PRACTICE.—*Assignment of Errors.*—An assignment of error, that "the court erred in overruling appellants' several demurrers to the complaint," is sufficient.

SAME.—An assignment of error, that the complaint does not state facts sufficient to constitute a cause of action, brings in question the suficiency of the complaint in all respects not cured by the verdict.

SURETY.—*Contribution.*—*Decedents' Estates.*—*Claim.*—*Final Settlement.*— An action for contribution can not be maintained against the heirs of a

decedent, who had been surety on the bond of a guardian, by a subsequent surety thereon, for money which the latter paid on default of the guardian, until the estate of the decedent has been finally settled. Until such final settlement the proper course was to file such claim against the estate.

From the Washington Circuit Court.

*S. B. Voyles, D. M. Alspaugh* and *J. C. Lawler,* for appellants.

*H. Heffren, J. A. Zaring* and *A. B. Collins,* for appellees.

Woods, J.—The appellees, Tucker and Manley, sued the appellants upon a complaint showing the following facts:

The defendants are the children, grandchildren and heirs at law of Thomas W. Allen, deceased, and, as such heirs, have each received from said estate property and money, of a specified value and amount.   In 1865 Joseph Allen died, leaving a widow, Sarah J., and three minor children (the defendant grandchildren herein), of whom Sarah J., in 1866,. was appointed guardian, and gave bond in $8,000 for the faithful discharge of her duties, with said Thomas W. Allen, who was then in life, as her surety thereon.   Thereafter she was required by the court to give an additional bond, and,. on December 13th, 1866, she did accordingly execute an additional bond, conditioned as the first, in the sum of $12,-000, with the appellees as her sureties therein.   Each of said bonds was joint and several in its terms.   Said Sarah continued in said trust until October, 1874, when she was removed by an order of the court, and, in June, 1875, Warden W. Stevens was duly appointed and qualified as her successor, and, as such, in the name of the State, brought suit against her and the appellees to recover the sum of $3,000,. which she had in her hands as such guardian, and had failed and refused to pay over, and, judgment having been rendered against them in said suit for said sum, the appellees were compelled to pay, and did pay, the amount of said

judgment in satisfaction thereof, said Sarah being and re-- maining wholly insolvent.   Long before the removal of said Sarah from her said trust as guardian, said Thomas W. Allen had died, and Alva C. Trueblood had been appointed administrator of his estate.

The prayer of the complaint is, that the court give a judgment compelling the defendants, as heirs at law of said Thomas W. Allen, who was surety on said Sarah's first bond as such guardian, to pay to the plaintiffs said Thomas W.'s contributive share of said sum of $3,000, and for other proper relief.

Two of the defendants each filed a several demurrer, and eight of the defendants filed a joint demurrer, to the complaint, for the want of sufficient facts, which demurrers. were overruled.   One of the defendants did not demur, either separately or jointly.

The first assignment of error is in these words:   "The court erred in overruling appellants' several demurrers to the complaint."

The appellees contend that this assignment is "bad for the reason that several errors can not be assigned in a lump or jointly."   We do not think the point well made.   No precedent is cited, and we are not disposed to make one now. The assignment fairly brings to our attention the ruling of the court on the several demurrers referred to, and the ground on which we are asked to refuse to consider whether the rulings were right or wrong, is too narrow and technical for the practical administration of justice.   Besides, there is another assignment that the complaint does not state facts sufficient to constitute a cause of action, and this brings in question the sufficiency of the complaint in all respects not cured by the verdict.

The first objection made to the complaint is, that it does not show that the estate of Thomas W. Allen had been finally settled.   This is a fatal defect.   Until there has been

an administration fully accomplished and the administrator discharged, a suit against the heirs on the theory of this complaint can not be maintained. 2 R. S. 1876, p. 554, sec. 178; *Rinard* v. *West*, 48 Ind. 159. Until such final settlement of the administration has been had, the plain and only proper course is to file the claim under sec. 62 of the act for the settlement of decedents' estates; and, if letters have not been issued, the issuing thereof should be procured under the provisions made therefor. We must therefore hold the complaint bad for want of proper averments in this respect, and this makes it unnecessary to decide whether in other respects the complaint shows a good cause of action.

Judgment reversed, with costs and with instructions to sustain the demurrers to the complaint.