Harmon *v*. Dorman *et al*.

REINHARD, J., absent.

Filed Dec. 12, 1893.

---

No. 980.

### HARMON *v*. DORMAN ET AL.

DECEDENT'S ESTATE.—*Liability of Devisees for Breach of Decedent's Covenant.—Final Settlement.*—The devisees of a decedent are liable in damages to the covenantee for a breach of the decedent's covenant, occurring after the decedent's death and after the final settlement of the decedent's estate.

PLEADING.—*Complaint.—Allegation of Damages.—Due and Unpaid.*—In an action for damages for breach of covenant, it is not necessary to allege, in the complaint, that the damages sought are due and unpaid.

From the Dearborn Circuit Court.

*G. M. Roberts* and *C. W. Stapp*, for appellant.
*N. S. Givan*, for appellees.

Ross, J.—The appellant sued the appellees, as the devisees under the will of Nancy Hayes, deceased, to recover damages for a breach of covenant of warranty contained in a deed of conveyance made by said Nancy Hayes to the appellant. The only question on this appeal is as to the sufficiency of the complaint, the court below having sustained a demurrer thereto.

The complaint reads as follows:

"For cause of action against the defendant, plaintiff says that heretofore, to wit, on the 4th day of August, 1886, the plaintiff purchased of and from one Nancy Hayes, for the sum of two thousand dollars, the following described real estate, situated in the county of Madison and State of Indiana, to wit: Fifty-five acres off the west side of the northeast quarter of section twenty-seven (27), township twenty-one (21) north, range six (6) east; and, on said day, viz: August 4, 1886, the said Nancy Hayes, an unmarried woman, who was then in possession of the whole of said real estate, made, executed and delivered to said plaintiff her deed of general warranty, whereby she covenanted and agreed that she was the owner, in fee, of said real estate, and would warrant and defend the title thus conveyed by said deed of warranty to this plaintiff, a copy of said deed is filed herewith, made a part of this complaint and marked exhibit 'A.' "

Plaintiff avers that upon the execution of said deed the grantor therein put plaintiff in possession of the whole of said real estate, including the one-sixth interest afterwards recovered by Stephen B. Spahr, and plaintiff thereafter remained in possession of the whole of said real estate until the time of the eviction hereinafter mentioned, and until then had no knowledge of the title or claim of said Spahr in said real estate. And the plaintiff avers that the covenants of said warranty deed have been broken, in this, that the said Nancy Hayes was not, at the time of the execution of said deed, nor did she afterwards become, the owner in fee of said real estate, but that one Stephen B. Spahr was the owner, in fee, at said time, of one undivided one-sixth ($\frac{1}{6}$) part of said real estate, then and now of the value of $500, and that afterward, and after the death of said Nancy Hayes, to

wit, at the October term, 1890, of the Madison Circuit Court, for Madison county, in the State of Indiana, the said Stephen B. Spahr brought his action against the plaintiff, alleging, in his complaint, that he was the owner in fee, and was entitled to the possession of the undivided one-sixth of said real estate, and this plaintiff, being brought into said court by due process of law, to answer said complaint, employed counsel and made all the defense he could, or that could be made to such action, but the court, upon trial of said cause, gave judgment to and in favor of said Stephen B. Spahr, and against this plaintiff, for the undivided one-sixth part of said real estate, and then and there found and adjudged that he, the said Stephen B. Spahr, was the owner thereof, and that his title thereto was paramount and superior to any right or title of the plaintiff or the said Nancy Hayes; that the title conveyed by said -Nancy Hayes to this plaintiff by said warranty deed, as aforesaid, has failed as to the said one-sixth part thereof, and that the same has been lost to this plaintiff by a paramount and permanent title, and by due course of law, and to the damage of this plaintiff in the sum of six hundred dollars.

Plaintiff further avers that after the execution of said deed, and on the 16th day of August, 1886, the said grantor, Nancy Hayes, died testate, leaving her last will and testament, by which she disposed of all her property, real, personal and mixed, which will was duly proven and admitted to probate, and recorded in the will records of Dearborn county on the 20th day of August, 1886; that by said will she devised and bequeathed to the following defendants the devises and bequests, viz: To Stephen B. Spahr, John Spahr and James Spahr, one hundred dollars each; to George Finch, five hundred dollars; to Samuel Finch and William Finch, ———;

to Carrie Guard, one thousand dollars; to Bertha Swift and Eva Swift, two hundred dollars each; to Isaac Swift, one note against Isaac Hayes for two hundred and seventeen dollars; to Columbus Guard, one note held against him; to Linaeus Swift, one note held against him and his wife; to John S. Dorman, two notes held against him; to James Finch, Samuel Finch, Flora Finch and Charles Finch, share and share alike, the following real estate, situated in Union county and State of Indiana, to wit: Beginning at the northwest corner of section 30, township 14, range 14, thence east $27\frac{25}{100}$ chains, thence south $5\frac{95}{100}$ chains, thence west $13\frac{50}{100}$ chains, thence south 17.05 chains, thence west $13\frac{75}{100}$ chains, thence north $22\frac{50}{100}$, to place of beginning, of the value of $1,000; to Nancy Dorman, the following real estate, situate in Posey county, Indiana, to wit: Lots Nos. 5 and 8 in block No. 3, and lots Nos. 5, 6, 7 and 8 in block No. 2, in the Company's Enlargement of the city of Mt. Vernon, of the value of $1,000; to Flora Finch and Hanna Finch, the rest and residue of all property owned by said Nancy Hayes at her death, a part of which residue is real estate situated in Dearborn county, Indiana, and afterwards sold in partition proceedings, and the money arising from such sale, to wit, $2,540, was paid unto said Flora and Hannah Finch, by George C. Columbia, commissioner; that all said above devisees of real estate and bequests of personalty by said will made, were taken and accepted by said devisees and legatees respectively, and were appropriated to their own use, and, in the aggregate, were and are of the value of ten thousand dollars, and are held subject to the debts of said Nancy Hayes, deceased; that said will contains no provision whatever whereby the devise or bequest to any one of said devisees or legatees should be made to pay the debts of said deceased in exoneration

of any other, but, by the provisions of said will, all are liable proportionately; that the devises and bequests hereinbefore set out are all the dispositions of property contained in said will, and said will disposed of all the property owned or possessed by said Nancy Hayes at the time of her death; that the value of the property which, upon final settlement of said Nancy Hayes' estate, was distributed under said will to the defendants Nancy Dorman, John S. Dorman and Carrie Guard, was, and yet is, more than three thousand dollars; that at the commencement of this action, the defendants James Spahr, James Finch, Samuel Finch and Charles Finch were, and yet are, nonresidents of the State of Indiana, and did not then have, nor have they since, had any property in the State of Indiana, or within the jurisdiction of this court; that letters testamentary and of administration were taken out on said Nancy Hayes' estate, and said estate, and all the property thereof was fully administered upon, and final settlement thereof was made on the 9th day of March, 1889, and still remains in full force and effect; that plaintiff was not disturbed in his possession of the real estate so conveyed to him by said deed of said Nancy Hayes, nor was he evicted from said one-sixth thereof, by reason of said superior and paramount title, until in the month of February, 1891, at which time, by reason of such paramount title, he was evicted from, and lost possession of, said one-sixth, which was after the said final settlement of said estate; that at no time prior to the final settlement of said Nancy Hayes' estate, or prior to said eviction, did plaintiff know of the existence of the cause of action herein sued on, and it was impossible for plaintiff to have filed this cause of action as a claim against said estate; that at no time

since the execution of said deed has this plaintiff been insane, an infant, or out of the State of Indiana.

Wherefore, he asks judgment against all of said defendants for the sum of one thousand dollars damages sustained in such just proportions as each may by law be liable for, and that he recover judgment against such defendants herein as may be within the process of this court, in the sum of one thousand dollars, and to the extent of the property so devised and bequeathed to them respectively, and that the court decree such judgment to constitute a lien upon all property now in the hands of defendants received through said will, in such proportions as may by law be right, and that the same be ordered sold to pay the plaintiff's claim, and for all proper relief.

The material question to be passed upon in considering the sufficiency of this complaint is, what, if any, liability exists on the part of the appellees as the devisees of Nancy Hayes for a breach of the covenant of warranty contained in her deed to the appellant?

It is urged, on behalf of the appellees, that no such liability exists; that there is no common law right, the same having been abolished by section 2925, R. S. 1881, and that the only liability which could exist against them as such devisees is that created by section 2442, R. S. 1881, which is as follows: ''The heirs, devisees, and distributees of a decedent shall be liable, to the extent of the property received by them from such decedent's estate, to any creditor whose claim remains unpaid, who, six months prior to such final settlement, was insane, an infant, or out of the State; but such suit must be brought within one year after the disability is removed: Provided, That suit upon the claim of any creditor out of the State must be brought within two years after such final settlement.''

Harmon *v.* Dorman *et al.*

That inasmuch as the complaint does not show the appellant to have been insane, an infant, or out of the State, no cause of action is stated, and the demurrer was properly sustained. It is also urged that the cause of action did not accrue until after the death of the warrantor, and for that reason was not a claim against her estate.

This is not a new question in this State, and we will call attention to the cases which we think decisive of the objection urged to the liability of the appellees.

In *Blair* v. *Allen*, 55 Ind. 409, which was an action similar to the one being considered, the court says: "In the case we are considering, the obligation could not arise until after the death of Nancy Allen,—an uncertain event, over which the vendee had no control,—nor until after the title warranted had been lost by reason of a superior title, and by due course of law, which were also events over which the vendees had no control, and which did not take place until after the estate of James Allen had been finally settled.

"It is very certain, then, that the appellee could not have complied with section 62, *supra*, by filing his claim in the clerk's office, nor brought himself within section 178, *supra*, by commencing his suit within one year after certain disabilities were removed. His claim did not accrue in time to file it under said section 62, and he labored under none of the disabilities mentioned in said section 178.

"The question, therefore, is forced upon us, whether, after lineal and collateral warranties have been abolished by section 10, *supra*, and no obligation especially prescribed by law to take their place, the appellee has any remedy at all.

"Upon full and careful consideration, we have come to the conclusion that the Legislature could not have meant

to leave a meritorious class of rights without remedies
for their breach.   The opposite conclusion, in cases like
the present, would very much impair the faith and
weaken the force in warranties of land titles, and become
a frightful source of uneasiness to otherwise peaceable
possession.

"We must conclude, therefore, that when, from the na-
ture of the claim, the creditor can not comply with said
section 62 or 178, the heir, devisee or distributee shall
be liable, on the covenant or agreement of the decedent,
to the extent of the property received by him from the
decedent's estate.   The law does not require that to be
done which can not be done; and no one shall lose his
remedy for not doing what can not be done."

In the case of *Stevens* v. *Tucker*, 87 Ind. 109, which
was an action brought by one of two sureties on a guard-
ian's bond, against the heirs of his co-surety for contri-
bution, on account of a liability on such bond after the
decease of said surety and the settlement of his estate, it
was urged that the heirs of the deceased surety could not
be held liable for a default on the bond after the death
of the decedent and after the settlement of his estate.

The court, after reviewing a number of cases, and cit-
ing the sections of the statute, *supra*, quote with ap-
proval from *Blair* v. *Allen*, *supra*, and then say:   "But
are they, though their claim is thus meritorious, with-
out remedy?   It would have been practically impossible
for them to have filed a claim against said decedent's
estate.   Whether they would ever have a claim for con-
tribution, and if so, the amount thereof, were con-
tingencies at the time of said final settlement, and were
not made certainties until the successor of said default-
ing guardian had recovered a judgment on said addi-
tional bond, and they had been compelled, by reason of
the insolvency of the principal, to pay the judgment.

They could not have filed 'a succinct statement of the nature and amount' of the claim, as required by statute. While the settlement of said estate was pending, the present cause of action was not simply a claim which was not then due within the meaning of the statute, the interest upon which might be rebated. It then depended upon future circumstances which they could not control or hasten, and which were not bound to happen, if ever, within a certain time. No allowance could have been made by the court in such settlement to the appellees as claimants, and the facts which they could have stated involved such contingencies that they could not have furnished a proper pretext for delaying the settlement of the estate.''

Many cases have been cited by counsel for the appellees in support of their contention, but we are unable to find that any of them have any bearing on this case, or in any manner criticise, modify, or overrule the cases of *Blair* v. *Allen, supra,* and *Stevens* v. *Tucker, supra.*

The case of *Leonard* v. *Blair,* 59 Ind. 510, was an action brought against heirs to recover on an account for goods sold and delivered to the deceased during his lifetime, his estate never having been administered upon. The court held that the action would not lie.

In *Stevens* v. *Tucker,* 73 Ind. 73, is the same case reported in 87 Ind. 109, the court, on the first appeal, holding the complaint insufficient because the facts alleged did not show that the decedent's estate had been administrated and settled.

The case of *McCurdy* v. *Bowes,* 88 Ind. 583, was an action brought by the appellants against the appellee as the heir and legatee of William R. Bowes, to recover a sum of money due them from the deceased, whose estate had been administered and finally settled, the appellee having received the entire estate amounting to $5,000.

It was alleged, by the appellants in their complaint, that for six months next preceding the settlement of said estate and at the time the action was brought they were absent from the State. The complaint was held to be sufficient.

In *Rinard* v. *West*, 92 Ind. 359, which was an action to recover money had and received, the complaint was held insufficient under section 2442, *supra,* because it was not alleged therein either that the plaintiff had a valid demand against the decedent at the time of his death, or that the claim was unpaid, or that the plaintiff was out of the State for six months prior to the settlement of the estate.

In the case of *Busenbark* v. *Healey,* 93 Ind. 450, the court held that a creditor, although a nonresident of the State, who, about eight months before the final settlement of a decedent's estate, filed his claim and continued to prosecute it until within a month of the final settlement and then dismissed his claim, could not afterwards recover his claim from the heirs, devisees, and distributees of the decedent.

The case of *Fisher* v. *Tuller,* 122 Ind. 31, counsel for appellee insists, is decisive of this case, but in this contention we can not concur.

The facts in that case were that "the appellant and Owen Tuller were partners, and as·partners carried the United States mails in Missouri, under a contract with the government. During the war of the Rebellion, confederate soldiers captured and destroyed property of the partnership to the value of twenty-five thousand dollars. In the year 1866, the firm filed a claim for the value of the property, and the prosecution of the claim was entrusted to Tuller. He received from the government, in payment of the claim, in the year 1867, twenty thousand

Harmon *v*. Dorman *et al*.

dollars, which he appropriated to his own use.   He concealed from Fisher the fact that he had received the money.   After the dissolution of the partnership, which occurred in 1866, Tuller informed Fisher that the claim had not been paid and that it had been disallowed, and finally disposed of by the Government.   Fisher relied upon the statement of Tuller and was wholly ignorant of the fact that Tuller had received and appropriated the money due the partnership, nor did he obtain knowledge of the fact until September, 1884.   Fisher has been a resident of another State since the year 1860.   Tuller died in 1873, leaving as his only heirs his widow, Janet C. Tuller, George M. Tuller, Owen Tuller and Emma J. Tuller.   Tuller died the owner of real and personal property of the value of one hundred and fifty thousand dollars; his estate was administered upon, and in 1879 was fully settled.   The property remaining after settlement was distributed to the heirs, and ten thousand dollars was received by the appellee, George M. Tuller, from the personal estate of his father, and he also received land to the value of fifty thousand dollars, which was set off to him by an order of partition.''

This action was brought under the provisions of section 2442, *supra*, the claim having existed prior to the death of decedent, and the action not having been brought within the time designated, the court held that there was no right of action.

The further objection, that the complaint is defective, in that there is no allegation that plaintiff's claim is unpaid, is untenable.   This was not an action to recover an amount due upon a contract, but to recover damages for a covenant broken.   In such a case, it is not necessary to allege in the complaint that the damages sought are due and unpaid.

We think the complaint stated a cause of action, and that the court erred in sustaining the demurrer thereto.

Judgment reversed, with instructions to overrule the demurrer to the complaint.

REINHARD, J., absent.

